IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALLEN OKECHUKWU CAUDLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:25-cv-698-RAH-SMD |
| | ) |
| UNITED STATES OF AMERICA, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Pro se Plaintiff Allen Okechukwu Caudle ("Caudle") filed a complaint (Doc. 1) against Defendants claiming that they have violated the Freedom of Information Act ("FOIA") and other federal laws. Caudle moves to proceed *in forma pauperis*, Mot. (Doc. 2). Upon consideration of Caudle's financial affidavit, it is

ORDERED that the motion (Doc. 2) is GRANTED. Because Caudle is proceeding *in forma pauperis*, his complaint is before the Court for review under 28 U.S.C. § 1915(e). Upon review of the complaint, the undersigned finds that it fails to meet federal pleading standards and will allow Caudle an opportunity to amend.

Additionally, Caudle's complaint contains a request for a preliminary injunction, a motion to seal, a motion to proceed under a pseudonym, and a motion for emergency service. Compl. (Doc. 1). As explained below, these motions are denied.

**I.   LEGAL STANDARDS**

When a plaintiff files an application or motion to proceed *in forma pauperis*, the court must review the complaint under 28 U.S.C. § 1915. *See Martinez v. Kristi Kleaners,*

*Inc.*, 364 F.3d 1305, 1306 (11th Cir. 2004). Under this statute, a district court must dismiss a complaint if it: (i) is "frivolous or malicious," (ii) "fails to state a claim on which relief may be granted," or (iii) "seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B). A reviewing court has broad discretion to manage its *in forma pauperis* cases and determine whether a complaint should be dismissed under § 1915(e)(2)(B). *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984).

Although pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys, *Whitehurst v. Wal-Mart*, 306 F. App'x 446, 447 n.2 (11th Cir. 2008), a litigant's pro se status "generally will not excuse mistakes [the litigant] makes regarding procedural rules," *Mickens v. Tenth Judicial Cir.*, 181 F. App'x 865, 875 (11th Cir. 2006) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)). Thus, pro se litigants must, among other things, meet minimal pleading standards and allege the essential elements of their claims for relief. *See Eidson v. Arenas*, 910 F. Supp. 609, 612 (M.D. Fla. 1995).

In terms of pleading requirements, Federal Rule of Civil Procedure 8 requires a pleading to contain:

(1) a short and plain statement of the grounds for the court's jurisdiction;

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought.

FED. R. CIV. P. 8(a)(1)-(3). A plaintiff's obligation to show entitlement to relief requires more than labels, conclusions, or a formulaic recitation of the cause of action's elements. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561-63 (2007). Rather, a complaint must contain

enough factual allegations to "state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). A court need not accept legal conclusions or threadbare recitals of the elements of a cause of action supported by conclusory statements as true. *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678.

Moreover, Federal Rule of Civil Procedure 10 provides that in any pleading "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." FED. R. CIV. P. 10(b). "Rules 8 and 10 work together 'to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.'" *Meide v. Pulse Evolution Corp.*, 2019 WL 4918264, at *1-2 (M.D. Fla. Oct. 4, 2019) (quoting *Fikes v. City of Daphne*, 79 F.3d 1079, 1082 (11th Cir. 1996)).

Relatedly, the Eleventh Circuit has repeatedly condemned so-called "shotgun pleadings" that run afoul of Rule 8 and/or Rule 10. *See Silverthorne v. Yeaman*, 668 F. App'x 354, 355 (11th Cir. 2016) (citing *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321 (11th Cir. 2015)). Shotgun pleadings include those that:

>(1) contain multiple counts where each count adopts the allegations of all preceding counts;
>
>(2) do not re-allege all preceding counts but are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action";
>
>(3) do not separate each cause of action or claim for relief into separate counts; or
>
>(4) contain counts that present more than one discrete claim for relief.

*Id.* (quoting *Weiland*, 792 F.3d at 1321-23); *see also Toth v. Antonacci*, 2019 WL 4926961, at *1-2 (11th Cir. Oct. 7, 2019).

## II.    ANALYSIS

Caudle's complaint does not meet federal pleading standards because it contains no well-pleaded allegations pertaining to the who, what, when, or where of Caudle's claims. Instead, Caudle's complaint is simply a conglomeration of conclusory allegations and legal conclusions that are not entitled to a presumption of truth. For example, Caudle alleges that he "submitted multiple requests for agency records under FOIA," but does not indicate when he sent these requests, to whom the requests were sent, or what information he sought. *See* Compl. (Doc. 1) p. 1. He further alleges that "[a]fter unsuccessful administrative attempts/appeals, [he] submitted requests under the Privacy Act" and that "DOJ and DoD failed to respond or act as required." *Id*. at 1-2. Nowhere does he provide supporting allegations—including dates on which his initiated and completed his "administrative attempts/appeal"—through which the Court can determine whether he is entitled to relief.

Further, the undersigned is unsure if Caudle's complaint is properly before this Court. Generally, a complaint for wrongful withholding of records under FOIA is filed in the U.S. District Court where the plaintiff lives, where the records are located, or in the District of Columbia. 5 U.S.C. § 552(a)(4)(B). Here, Caudle alleges that he "resides in Alabama" but lists his contact address as one in Georgia. Compl. (Doc. 1) p. 1. As such, it is not clear whether Caudle actually lives in Alabama (or in what part of Alabama he lives). Therefore, the undersigned is unable to determine whether Caudle's complaint is properly before the Court.

The undersigned has serious doubts that Caudle's complaint can be amended to state a claim. However, because the complaint contains nothing but generalized, bare-bones allegations, it is impossible for the undersigned to definitively conclude that Caudle is unable to state a claim. Therefore, the undersigned will afford Caudle an opportunity to amend his complaint to meet the federal pleading standards and to establish that this Court is the proper court to consider his dispute.

### III.    MOTIONS

#### A. Preliminary Injunction

To warrant a preliminary injunction, a plaintiff must show that he (1) has a substantial likelihood of success on the merits; (2) will suffer irreparable injury if not granted the injunction; (3) that the threatened injury outweighs the harm by the injunction on the non-movant; and (4) that the injunction is in the public interest. *Siebert v. Allen*, 506 F.3d 1047, 1049 (11th Cir. 2007).

Here, Caudle's request for preliminary injunctive relief fails to meet this standard. In wholly conclusory fashion, Caudle states that his "claims demonstrate repeated violations of FOIA"; that he "suffers ongoing and irreparable harm from the continued enforcement and existence of unlawful records"; that "[t]he balance strongly favors" him and that Defendants "suffer no harm by complying with their statutory duties"; and that the "public has a strong interest in ensuring that federal agencies comply with disclosure and record-correction laws[.]" Compl. (Doc. 1) p. 4. Because Caudle has simply recited the elements necessary for injunctive relief without any supporting factual allegations or legal argument, his motion falls well short of the standard required to issue preliminary injunctive relief. As such, Caudle's motion for a preliminary injunction is DENIED.

### B. Seal

Judicial records are presumptively available to the public. *Perez-Guerrero v. U.S. Att'y Gen.*, 717 F.3d 1224, 1235 (11th Cir. 2013). The public's right to access, however, is not absolute; it must be balanced by the competing interest of the parties. *Id.* Nonetheless, there is a common-law right that favors access to judicial records and includes the "right to inspect and copy public records and documents." *Chi. Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001).

Here, Caudle moves "to seal this case and its filings" because the case "involves sensitive personal identifiers, employment records, and government security-related materials" of which "[p]ublic disclosure risks further privacy harms and retaliation." Compl. (Doc. 1) p. 7. Caudle has not even remotely overcome the presumption that judicial records should be public. Therefore, Caudle's motion to seal is DENIED.

### C. Proceed Under a Pseudonym

Federal Rule of Civil Procedure 10(a) provides that a "complaint must name all the parties." Based on this rule, "parties to a lawsuit must identify themselves in their respective pleadings." *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992). "This rule serves more than administrative convenience. It protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties." *Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011) (quoting *Frank*, 951 F.2d at 322). A plaintiff may proceed under a fictitious name only in exceptional cases. *Frank*, 951 F.2d at 323; *see also Plaintiff B*, 631 F.3d at 1315 (quoting *Doe v. Smith*, 429 F.3d 706, 710 (7th Cir. 2005) for the proposition that it is "the defendant, and not the plaintiff, who faces disgrace if the complaint's allegations can be substantiated") (alteration accepted).

A plaintiff may proceed anonymously if he can show "a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Plaintiff B*, 631 F.3d at 1315-16 (quotation marks omitted). To determine whether the plaintiff's privacy right outweighs the presumption of openness, the court must consider all circumstances, including, but not limited to: (1) whether the plaintiff is challenging governmental activity; (2) whether the plaintiff will have to "disclose information of the utmost privacy"; and (3) whether the plaintiff will have to risk criminal prosecution by admitting his intention to engage in illegal conduct. *Id.* at 1316. The court must also consider any other factor presented by the case. *Id.* The presence of any one factor is not dispositive. *Frank*, 951 F.2d at 323.

Here, Caudle moves "to proceed as 'John Doe' for all filings" because he claims he "is at risk of reprisal, retaliation, and public stigma if litigating under his legal name." Compl. (Doc. 1) p. 8. He further contends that his "interests outweigh any minimal public interest in knowing [his] legal identity." *Id*. Caudle's conclusory statements do not establish that this is an "exceptional case" in which he should be allowed to proceed under a pseudonym. As such, Caudle's motion for the same is DENIED.

### D.     Emergency Service

Caudle moves the Court to "order emergency service of process on Defendants." Compl. (Doc. 1) p. 9. Caudle has moved to proceed *in forma pauperis*, and his complaint is therefore subject to Court review under § 1915(e). Caudle has alleged no facts indicating that emergency service is necessary or required. *Id*. As such, Caudle's motion for emergency service is DENIED.

## IV.    CONCLUSION

As explained above, it is

ORDERED that Caudle's motion for a preliminary injunction, motion to seal, motion to proceed under a pseudonym, and motion for emergency service are DENIED. It is further

ORDERED that, **on or before December 5, 2025**, Caudle shall file an amended complaint that complies with Rules 8, 10, and 11 of the Federal Rules of Civil Procedure and the following requirements of this order:

> (1) The amended complaint shall contain a section that clearly **identifies the parties in this suit**.

(2) The amended complaint shall contain a **jurisdictional section** wherein Caudle sets forth the specific federal cause(s) of action under which he brings his claims or alleges sufficient facts to support diversity jurisdiction. Caudle should also provide the Court with allegations establishing that he resides within the Middle District of Alabama. Bare bones allegations pertaining to this will not be accepted by the Court.

(3) The amended complaint shall contain a **section of facts** set forth in numbered paragraphs, each limited as far as practicable to a specific set of circumstances. Allegations of fact must show that Caudle is entitled to relief and must be stated in a clear, concise, and direct manner. They may not include legal argument, legal standards, or legal conclusions. Caudle shall provide the **specific dates**, as far as practicable, on which the factual allegations occurred. Caudle shall not attach documents to the amended complaint without tying their relevance to a factual allegation.

(4) The amended complaint shall contain a **cause of action section**, wherein Caudle shall set forth the individual cause(s) of action he asserts against Defendants. Within each cause of action, Caudle shall identify the statute under which the claim is brought. And for each cause of action alleged, Caudle must set forth the factual allegations about Defendants' conduct supporting that specific cause of action. Caudle should not incorporate by reference previous paragraphs within the complaint.

(5) The amended complaint shall contain a **section stating the relief that Caudle seeks** against Defendants.

(6) Caudle is encouraged to consult the section of the Court's website entitled "Representing Yourself": https://www.almd.uscourts.gov/representing-yourself.

**Caudle is warned that his amended complaint, should he file one, will take the place of his amended complaint and that the Court will consider only the amended complaint in determining whether it satisfies 28 U.S.C. § 1915(e)(2)(B).[1] Caudle is**

---

[1] *See Dresdner Bank G v. M/V Olympia Voyager,* 463 F.3d 1210, 1215 (11th Cir. 2006) ("An amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.").

**therefore advised that the Court will not consider any allegations or documents contained within his complaint (Doc. 1).**

**Caudle is further warned that his failure to comply with this order in its entirety will result in a recommendation that this case be dismissed for failure to prosecute this action and/or for failure to abide by orders of the Court.**

Done this 21st day of November, 2025.

Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE