IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ALLEN OKECHUKWU CAUDLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:25-cv-698-RAH-SMD |
| | ) | |
| | ) | |
| UNITED STATES OF AMERICA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Allen Okechukwu Caudle ("Caudle"), proceeding pro se, filed this action on August 29, 2025. Compl. (Doc. 1). Because Caudle is proceeding *in forma pauperis*, the undersigned reviewed his complaint pursuant to 28 U.S.C. § 1915(e). *See* Order (Doc. 6). Based on that review, the undersigned found that the complaint failed to meet federal pleading standards and ordered Caudle to file an amended complaint on or before December 5, 2025. *Id.* The undersigned advised Caudle that his failure to do so would result in a recommendation that his case be dismissed for failure to prosecute and/or abide by orders of the Court. *Id.* After Caudle failed to file an amended complaint, on December 16, 2025, the undersigned ordered Caudle to show cause why his complaint should not be dismissed for failure to prosecute and abide by orders of the Court. Order (Doc. 8). The undersigned afforded Caudle until December 30, 2025, to file his response. *Id.*

To date, Caudle has not responded to the undersigned's show cause order, and the time for doing so has passed. Further, Caudle has not taken any action in this case since

August 29, 2025, when he filed his initial complaint, motion to proceed *in forma pauperis*, and other various motions.

Because of Caudle's failure to comply with the Court's orders and because he has taken no action to indicate he wishes to pursue this matter further, the undersigned concludes that this case should be dismissed without prejudice for failure to prosecute and abide by court orders. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630-31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket"). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id*.

Accordingly, it is the

RECOMMENDATION of the undersigned Chief United States Magistrate Judge that this case be DISMISSED without prejudice. Further, it is

ORDERED that Caudle shall file any objections to this Recommendation on or before January 28, 2026. Caudle must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or

general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 14th day of January, 2026.

/s/ Stephen M. Doyle
Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE